IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**OSCAR THOMAS**                                                                                    **PLAINTIFF**

v.                                                                       CAUSE NO. 1:23-cv-00338-LG-RPM

**CITY OF BAY ST. LOUIS, MISSISSIPPI, et al.**                            **DEFENDANTS**

## ORDER OF PARTIAL DISMISSAL

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. *Pro se* Plaintiff Oscar Thomas is an inmate currently housed at the Hancock County Detention Center in Bay St. Louis, Mississippi. (Compl. at 2, ECF No. 1). He brings this Complaint under 42 U.S.C. § 1983 against Defendants the City of Bay St. Louis, Mississippi; Detective Rachel Jewell; Detective Steven Lee Saucier; Detective E.J. Taylor; Detective Ian Larsen; Detective James Sancher; and Sergeant Dave Wilder. (*Id.* at 2; Order at 1, ECF No. 10). Thomas is proceeding *in forma pauperis*. (Order, ECF No. 6). For the reasons set forth below, the Court finds that Thomas's claims against the City of Bay St. Louis should be dismissed with prejudice and that it should be dismissed as Defendant herein. At this early stage in the litigation, Thomas's claims against the remaining Defendants will proceed.

### I. BACKGROUND

On November 5, 2020, Thomas was detained in Bay St. Louis as a suspect in a homicide that happened a few days before. (Compl. at 4, ECF. No. 1; Resp. at 1, ECF No. 11). Thomas avers that, during the stop, Detective Saucier "held [him] at gunpoint" and "coerced [him] into step[ping] outside of [his] vehicle." (*Id.*) Thomas

says that he complied but was subsequently "tackled, handcuffed and handed to another investigator." (*Id*.) He was then "escorted across the street away from [his] vehicle in handcuffs while two investigators search[ed] [his] vehicle without asking consent." (*Id*.) During their search, Thomas "relayed [to] them the whereabouts of [his] pistol," and he was then "escort[ed] . . . to their precinct." (*Id*. at 5).

At the police station, Thomas claims that Defendants made a number of false accusations against him. (*Id*.) He was not charged or convicted for the homicide offense because he "was not involved," the "evidence was not tied to [him]," his "phone was actively being used during the incident," and he did not match "the perpetrator's location." (Resp. at 1, ECF No. 11). Instead, he was charged with being a felon in possession of a firearm and with four "counts of possession [with] intent." (*Id*.) Thomas claims that Detective Saucier testified at a suppression hearing on December 2, 2021, "where he made some false statements" about the November 5, 2020, search and seizure. (*Id*. at 2). Thomas was finally convicted of being a felon in possession of a firearm and sentenced to serve 9 years and 2 months in prison. (*Id*. at 1).

Thomas claims that Detective Jewell authorized the November 5, 2020, stop "from false information and hearsay that had no [relation] to traffic infractions." (Resp. at 1, ECF. No. 8). Detectives Taylor, Larsen, Sancher, and Wilder allegedly participated in the unlawful search and seizure too. (*Id*. at 2). Thomas claims that all Defendants violated his Fourth, Fifth, Eighth, and Ninth amendment rights under the United States Constitution. (*Id*.)

## II. DISCUSSION

### A. The Prison Litigation Reform Act

Because Thomas is proceeding *in forma pauperis*, (Order, ECF No. 6), his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2). The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim *sua sponte*." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (emphasis added). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the plaintiff "has already pleaded his best case," *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation omitted), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *see Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss a claim *sua sponte*.

B. <u>Analysis</u>

"Section 1983 claims may be brought against government employees 'in their individual or official capacity, or against a governmental entity.'" *Ducksworth v. Rook*, No. 2:14-cv-00146-KS-MTP, 2015 WL 737574, at *2 (S.D. Miss. Feb. 20, 2015) (quoting *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009)). "Municipal liability under Section 1983 requires that a plaintiff prove three elements: 'a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom.'" *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quotation omitted)). A "policy or custom" can be either:

> (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

*Felter v. Brown*, No. 5:11-cv-00046-DCB-MTP, 2014 WL 51335, at *2 (S.D. Miss. Jan. 7, 2014) (citing *McGregory v. City of Jackson*, 335 F. App'x 446, 448-49 (5th Cir. 2009)). To advance beyond the pleading stage, "a complaint's description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quotation and alterations omitted).

Thomas has failed to allege sufficient facts to maintain this action against the City of Bay St. Louis. When asked to identify "which policies, practices, or customs . . . establish that the City of Bay St. Louis violated [his] constitutional

4

rights," (Order at 2, ECF No. 7), Thomas averred that an "entity of the City of Bay St. Louis violated his [constitutional] right[s]," (Resp. at 1, ECF No. 8). At no point does Thomas allege that the City of Bay St. Louis has an official policy or well-settled custom condoning unlawful searches and seizures of citizens without probable cause. His allegations merely represent what he says happened to him in one instance.

That is, Thomas has "alleged no specific policy statement, ordinance, regulation, or decision that was the moving force [behind] the alleged constitutional violations." *See Ducksworth*, 2015 WL 737574, at *2. "Likewise, he provided no specific facts demonstrating a pattern and practice of similar alleged constitutional violations." *See id.* (quotation omitted). Thomas's pleadings thus fail "to include sufficient facts to allow the Court to infer a persistent, widespread practice so common and well-settled as to constitute a custom that fairly represents a municipal policy." *See id.* (quotations and alterations omitted); *see also Lang v. Forrest Cnty. Adult Det. Ctr.*, No. 2:21-cv-00081-HSO-JCG, 2021 WL 4432824, at *2 (S.D. Miss. Sept. 27, 2021) (dismissing claims against Forrest County because the plaintiff failed to allege the existence of an official policy, practice, or custom); *Handshaw v. Biloxi Police Dep't*, No. 1:19-cv-00821-HSO-JCG, 2020 WL 592338, at *2 (S.D. Miss. Feb. 6, 2020) (dismissing claims against the City of Biloxi for the same reason); *Cobb v. Adams Cnty.*, No. 5:07-cv-00198-MTP, 2009 WL 799461, at *3 (S.D. Miss. Mar. 24, 2009) (dismissing claims against Adams County for the same reason). Dismissal of Thomas's § 1983 claims against the City of Bay St. Louis is

appropriate.

### III. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff Oscar Thomas's claims against the City of Bay St. Louis, Mississippi, are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. The City of Bay St. Louis is dismissed as Defendant herein, and the Clerk of Court shall terminate the City of Bay St. Louis as Defendant on the Court's docket.

**IT IS FURTHER ORDERED AND ADJUDGED** that Thomas's claims against Detective Rachel Jewell, Detective Steven Lee Saucier, Detective E.J. Taylor, Detective Ian Larsen, Detective James Sancher, and Sergeant Dave Wilder will proceed. An Order issuing Notices of Lawsuit and Requests for Waiver of Service will be issued in due course. The Court expresses no opinion about whether Thomas's remaining claims will or will not be determined to be meritorious.

**SO ORDERED AND ADJUDGED** this the 21st day of March, 2024.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge